# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAUL McCREARY,

        Plaintiff,

vs.

CATHERINE C. MASTO, *et al.*,

        Defendants.

Case No. 3:12-cv-00590-LRH-VPC

**ORDER**

      Plaintiff, who is a Nevada inmate being housed at Ely State Prison, has filed an application to proceed *in forma pauperis* (ECF No. 2) and has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#2-1). The financial information provided indicates that plaintiff is unable to pay the filing fee of $350 at this time. However, the following discussion impacts the Court's decision to grant the *in forma pauperis* application, which will be addressed below. The complaint is subject to the provisions of the Prisoner Litigation Reform Act and must be reviewed prior to service on the defendants.

**I.  Screening Pursuant to 28 U.S.C. § 1915A**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that

a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a

2

1 complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   Discussion**

Plaintiff's complaint alleges in count I that "due to [plaintiff's] own investigations of asking for proof of certification of a peace officer and it's production denials, [plaintiff] is left with the belief that 90% of corrections officers at Nevada Department of Corrections [(NDOC)] are not certified peace officers, but they proclaim to be peace officers." His count II makes a similar allegation as to all NDOC corrections officers, caseworkers and administrators and an alleged lack of registration with the Nevada Department of Personnel. Count III asserts the allegations can be proved by this Court's investigations "via computers."

Plaintiff names the Nevada Attorney General Catherine C. Masto, the Nevada Governor Brian Sandoval and the Director of NDOC James Cox as defendants. He seeks the dismissal of all personnel who are not properly trained, certified and registered.

Plaintiff fails to state a claim under 42 U.S.C. § 1983, which requires allegations and proof that (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991). While plaintiff has identified persons that would likely be acting under color of state law in most actions taken in the course of their duties, he has not shown how these individuals are related to or responsible for the deficiencies he describes. More fatal to the complaint, however, is

3

that he has not identified any constitutional or federal statutory provisions that have been violated or any injury he has suffered as a result.

The claims made are not federal law violations and plaintiff has not stated how these alleged deficiencies cause him any injury. This complaint shall be dismissed with prejudice and without leave to amend, as it does not appear that plaintiff could state any facts which would make his claims viable under § 1983. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Three Strikes

In responding to the questions posed through the civil rights complaint form, plaintiff names two complaints that he has filed and that have been dismissed by the court for failure to state a claim. These actions are case number 3:10-cv-00126-RCJ-VPC (McCreary v. Malone, *et al.*), dismissed on December 29, 2010, for failure to state a claim; and 3:12-cv-00145-LRH-WGC (McCreary v. Sandoval, *et al.*) dismissed on June 7, 2012, for failure to state a claim.[1] A review of the court's docket indicates that plaintiff has filed at least two other civil rights complaints excluding the instant one. Case number 2:10-cv-1578-PMP-PAL was dismissed on April 26, 2011 for failing to state a claim for relief. The appeal of this case was also dismissed. Additionally, he filed a complaint in case number 2:12-cv-00317-MMD-CWH which was dismissed on July 9, 2012, for failure to state a claim. The appeal in that action has also been dismissed. Based on this case review, plaintiff has filed at least four civil rights complaints, including the instant action, that have been dismissed with prejudice for failing to state a claim for relief and three of those have had the appeal dismissed outright. The Court therefore finds plaintiff to be subject to the restrictions set forth in 28 U.S.C. § 1915(g), and will deny him *in forma pauperis* status. Under 28 U.S.C. § 1915(g), if a prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or an appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," that prisoner shall be precluded from commencing any new cases *in forma pauperis*

---

[1] The appeal of this second matter is still proceeding. Thus, depending on the outcome of the appeal, it may not constitute a strike under the three strikes rule, 28 U.S.C. § 1915(g).

except upon a showing of an imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Thus, this being plaintiff's fourth case that will be dismissed for failing to state a claim, the application to proceed *in forma pauperis* in this action shall be denied and the full $350 filing fee shall be immediately assessed.

### III.   Conclusion

Plaintiff has failed to state a claim for relief in his complaint under 28 U.S.C. § 1983. Moreover, he has previously filed at least three other cases which have been dismissed on that basis. Given these facts, plaintiff's *in forma pauperis* application shall be denied and the complaint shall be dismissed with prejudice. The Court will also order that, in the future, while plaintiff is incarcerated, if plaintiff seeks *in forma pauperis* status for the filing of a lawsuit, he must attach a copy of this Order to his Application to Proceed *in Forma Pauperis*, or plainly inform the Court in such application that he has been held subject to the restrictions of 28 U.S.C. § 1915(g). In addition, of course, plaintiff must truthfully respond to the inquiries in the Court's form civil rights complaint regarding dismissals of prior actions.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* is **DENIED**. Plaintiff shall be required to pay the full $350 filing fee in this action. **The Clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services, Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702,** who is directed, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996, to pay the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in months that the account exceeds $10.00), until the full $350 filing fee has been paid.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** the complaint, which is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM FOR RELIEF.**

**IT IS FURTHER ORDERED** the Clerk shall electronically serve a copy of this order, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp.

///

///

      **IT IS FURTHER ORDERED** that if plaintiff, while incarcerated, seeks to proceed *in forma pauperis* in any new case in federal court, he shall attach a copy of this Order to his Application to Proceed *in Forma Pauperis*, or he shall plainly inform the Court in such application that he has been held subject to the restrictions of 28 U.S.C. § 1915(g).

      DATED this 16th day of November, 2012.

*[signature]*

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE